UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.B. STERLING COMPANY,

              Plaintiff,

v.

WILLIAM H. VERHELLE, JR. and
CYNDEE VERHELLE,

              Defendants.
_____

**DECISION AND ORDER**

6:15-CV-06271 EAW

## **INTRODUCTION**

This action involves competing claims regarding renovation work performed by plaintiff J.B. Sterling Company ("Plaintiff") on a home owned by defendant Cyndee Verhelle in Mendon, New York. (Dkt. 1). On September 9, 2019, the Court granted partial summary judgment in favor of defendants William H. Verhelle, Jr. and Cyndee Verhelle (collectively "Defendants") as to Plaintiff's claims for breach of contract and for contractual interest and attorneys' fees. (Dkt. 76) (the "Summary Judgment D&O").[1]

Plaintiff has moved for reconsideration of the Court's grant of partial summary judgment to Defendants. (Dkt. 77). For the reasons discussed below, the Court denies Plaintiff's motion.

---

[1] Plaintiff has also asserted a claim for unjust enrichment; Defendants did not seek summary judgment on that claim and it remains pending.

- 1 -

## BACKGROUND

The factual background of this matter is set forth in detail in the Summary Judgment D&O (Dkt. 76), familiarity with which is assumed for purposes of the instant Decision and Order.  The term "Contract" as used herein shall have the same meaning as in the Summary Judgment D&O. (*See id.* at 3).

Plaintiff filed the instant motion for reconsideration on October 18, 2019.  (Dkt. 77). Defendants filed their opposition on November 4, 2019 (Dkt. 79), and Plaintiff filed a reply on November 15, 2019 (Dkt. 82).

## DISCUSSION

### I. Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration."  *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)).  "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)."  *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked –  matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

## II.     Reconsideration is not Warranted

Plaintiff contends reconsideration of the Summary Judgment D&O is necessary "based upon the need to correct clear errors of law, the oversight of evidentiary data before this Court which create questions of material fact which preclude summary judgment, and to prevent a manifest injustice from being brought upon plaintiff in this matter." (Dkt. 77-3 at 6-7). The Court considers each of these contentions below.

### A.     The Court did not Commit a Clear Error of Law

Plaintiff argues that the Court committed "several clear errors of law" in granting summary judgment to Defendants. (Dkt. 77-3 at 7). Initially, Plaintiff contends that the Court failed to properly consider the impact of the New York Court of Appeals' decision

in *John E. Rosasco Creameries v. Cohen*, 276 N.Y. 274 (1937) in assessing the consequences of failing to comply with New York General Business Law § 771 ("GBL § 771"). This argument fails for a couple reasons. First, Plaintiff clearly could have made this argument—which relies on an 83-year-old New York Court of Appeals case—in its opposition to the motion for summary judgment, but did not.[2] "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments that could have been adduced during the pendency of the underlying motion." *Neubecker v. New York State*, 387 F. Supp. 3d 302, 305 (W.D.N.Y. 2019) (citation and alteration omitted).

Second, the New York Court of Appeals has made it clear that *Rosasco Creameries*—which held in the context of a statute involving licensing that "[i]f [a] statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy . . . the right to recover will not be denied," 276 N.Y. at 278—does not apply to consumer protection statutes, *see Benjamin v. Koeppel*, 85 N.Y.2d 549, 553 (1995)(explaining that the rule set forth in *Rosasco Creameries* does not apply "where the statute looks beyond the question of revenue and has for its purpose the protection of public health or morals or the prevention of fraud" (quoting *Galbreath-Ruffin Corp. v. 40th & 3rd Corp.*, 19 N.Y.2d 354, 363 (1967))). As the Court explained in the Summary Judgment

---

[2]    Indeed, despite the fact that this Court's Local Rules of Civil Procedure provide that a response in opposition to a motion may be up to 25 pages, *see* L. R. Civ. P. 7(a)(2)(C), Plaintiff's response to Defendants' motion for partial summary judgment was only six pages (Dkt. 71-1). A motion for reconsideration is not an opportunity to supplement inadequate initial briefing.

- 4 -

D&O, "GBL § 771 is a consumer protection statute, and its requirement that a home improvement contract be signed by 'all parties' ensures that a homeowner is aware of his or her rights." (Dkt. 76 at 11). Accordingly, *Rosasco Creameries* does not provide the rule of decision in this context.

Plaintiff next argues that the Court erred in concluding that failure to comply with GBL § 771 rendered the Contract unenforceable. However, the Court thoroughly considered this issue in the Summary Judgment D&O, including by noting that three New York intermediate appellate courts have held that failure to comply with GBL § 771's requirement that a home improvement contract be in writing and signed by all the parties renders the contract unenforceable. (*See* Dkt. 76 at 16-17 (citing *Weiss v. Zellar Homes, Ltd.*, 169 A.D.3d 1491, 1493 (4th Dep't 2019); *Frank v. Feiss*, 266 A.D.2d 825, 826 (4th Dep't 1999); *Harter v. Krause*, 250 A.D.2d 984, 986-87 (3d Dep't 1998); *Wowaka & Sons, Inc. v. Pardell*, 242 A.D.2d 1, 7-8 (2d Dep't 1998)). Plaintiff's disagreement with the Court's analysis of this legal issue is not grounds for reconsideration. *See, e.g., Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014) ("While the defendant disagrees with the Court's decision, that is not a basis for reconsideration.").

Plaintiff further contends that the Court erred in concluding that the contractor bears the burden of complying with GBL § 771 because it cited a decision from the Rye City Court, which lacks jurisdiction "as to matters of equity and contract interpretation." (Dkt. 77-3 at 10). While the Court did cite *Carrea & Sons, Inc. v. Hemmerdinger*, 42 Misc. 3d 791 (Rye City Ct. 2013) in the Summary Judgment D&O, it did not suggest that this case was binding precedent. Instead, the Court cited *Carrea* because it found the analysis set

- 5 -

forth therein persuasive. The fact that the Rye City Court lacks equitable jurisdiction does not impact the quality of its discussion of the requirements of GBL § 771, and in the absence of any binding authority from the New York Court of Appeals, this Court is free to "look to lower court decisions for guidance on questions of state law." *Cowen & Co. v. Tecnoconsult Holdings Ltd.*, No. 96 CIV. 3748 (BSJ), 1996 WL 391884, at *4 (S.D.N.Y. July 11, 1996).

Plaintiff also argues, based on *Marketing Specialists, Inc. v. Bruni*, 129 F.R.D. 35 (W.D.N.Y. 1989), that the Court should have considered a "theory of contract survivability" based on the parties' conduct. (Dkt. 77-3 at 11). Again, to the extent Plaintiff is relying on a 31-year-old case, this is an argument that could and should have been made in Plaintiff's opposition papers. Moreover, *Marketing Specialists*, like *Rosasco Creameries*, dealt with a licensing scheme. *See Mktg. Specialists*, 129 F.R.D. at 44 (explaining that in contract actions, "New York sometimes recognizes an exception to the 'illegality' defense if the illegality relied upon involves registration or licensing statutes"). GBL § 771 is not a licensing or registration statute, but a consumer protection statute, designed to ensure that homeowners understand their rights. Enforcing a contract that failed to comply with one of the most basic requirements of GBL § 771—that it be signed by all the parties—would wholly undermine the purpose of the statute. *Marketing Specialists* does not support Plaintiff's position.

Plaintiff makes two further cursory arguments that the Court briefly addresses. First, Plaintiff contends that the Summary Judgment D&O "infers [sic] that general contractors now have a legal obligation to perform title searches for properties they may

be asked to renovate." (Dkt. 77-3 at 10). The Summary Judgment D&O does no such thing. The Court did note in response to Plaintiff's claim that it had somehow been misled by Mr. Verhelle into believing that he was the owner of the property that property ownership is a matter of public record. (Dkt. 76 at 12). However, this was not the basis on which the Court ultimately rejected this argument by Plaintiff. Instead, the Court noted that even accepting Plaintiff's factual claim, Mrs. Verhelle could not be held responsible for her husband's alleged misconduct simply because of the marital relationship. (*Id.* at 12-13). Plaintiff has not cited any case law calling this legal conclusion into question.

Second, Plaintiff argues that the Summary Judgment D&O "suggest[s] general contractors have a responsibility to validate the marital status of each and every married couple they may seek to contract with, to ensure they have contracted with the appropriate title holder to the subject property." (Dkt. 77-3 at 10). Again, Plaintiff has misunderstood the Court's ruling. The issue is not the status of Defendants' marriage, it is that Mrs. Verhelle is the sole owner of the property at issue, and her husband cannot, simply by virtue of the marital relationship, enter into contracts on her behalf. Plaintiff's true complaint seems to be that it cannot simply assume one spouse speaks for another, but as the Court set forth in the Summary Judgment D&O, that has been the law in New York since at least the 1960s. (*See* Dkt. 76 at 13-14). It is not unreasonable nor does it create a manifest injustice to expect a general contractor, when dealing with a married couple, to ensure that both spouses sign the contract, which is all that would have been required in this case.[3]

---

[3] To the extent Plaintiff argues that it was justified in assuming that Mr. Verhelle had authority to bind Mrs. Verhelle based on a past course of dealing (*see* Dkt. 77-3 at 13-14),

- 7 -

For all these reasons, the Court rejects Plaintiff's argument that it committed clear errors of law or created a manifest injustice in granting partial summary judgment to Defendants.

### B. The Court did not Overlook Evidence

Plaintiff's next argument is that the Court overlooked evidence regarding Mrs. Verhelle's conduct in this matter, and that there are genuine issues of material fact as to whether she in fact had a "meeting of the minds" with Plaintiff. (Dkt. 77-3 at 13-20). The Court notes as a threshold issue that it concluded in the Summary Judgment D&O that GBL § 771 requires "a personal signature from every contracting party[.]" (Dkt. 76 at 16). In other words, even assuming there was a "meeting of the minds" between Plaintiff and Mrs. Verhelle, that does not change the incontrovertible fact that the she did not sign the contested Contract.

Further, Plaintiff's argument depends on statements made by Mr. and Mrs. Verhelle and architect Michael Short at deposition that Plaintiff did not cite to *at all* in its opposition to Defendants' partial summary judgment motion. While Plaintiff did submit to the Court the entirety of the deposition transcripts of Mr. Verhelle and Mr. Short, this Court "is not required to scour the record on its own in a search for evidence when the plaintiffs fail to present it." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 125 (2d Cir. 2013) (quotation omitted); *see also In re World Trade Ctr. Lower Manhattan Disaster*

---

it has pointed to no evidence to support its claim that Defendants had employed Plaintiff for several prior renovation projects. It is Plaintiff's obligation, at the summary judgment stage, to identify specific evidence supporting its factual claims.

*Site Litig.*, 44 F. Supp. 3d 409, 426 (S.D.N.Y. 2014) ("[I]n deciding a motion for summary judgment, a District Court is not required to scour the record on its own in a search for evidence where the non-moving party fails to adequately present it" (quotation omitted)); *Meaney v. CHS Acquisition Corp.*, 103 F. Supp. 2d 104, 110 (N.D.N.Y. 2000) ("The Court is not required to scour the record looking for factual disputes nor to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case." (quotations and alterations omitted)). Further, Plaintiff did not even submit Mrs. Verhelle's deposition transcript, which it now relies upon, in its opposition papers. This evidence, which was readily available to Plaintiff in formulating its response to the motion for partial summary judgment, is not newly discovered, and Plaintiff has not offered any explanation for why it was not previously presented to the Court.

If Plaintiff believed the evidence it now cites demonstrated the existence of a genuine issue of material fact, it was Plaintiff's obligation to bring such evidence to the Court's attention in opposing Defendants' partial summary judgment motion. It cannot now seek to do so on a motion for reconsideration, with no explanation for the earlier failure.

In any event, the evidence Plaintiff now points to, while certainly suggesting that Mrs. Verhelle was involved in some of the design choices related to the renovation, does not support the conclusion that she participated in the negotiation of the Contract or agreed to its terms. In other words, the fact that Mrs. Verhelle was "not completely oblivious to the undertaking of the project" (Dkt. 77-3 at 15) does not somehow constitute a ratification of the Contract sufficient to overcome the express statutory requirements of GBL § 771.

Plaintiff has not demonstrated, as it claims, that the Court overlooked "key evidentiary facts" in granting partial summary judgment to Defendants.

## **CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's motion for reconsideration. (Dkt. 77).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  July 2, 2020
        Rochester, New York